McKinney, J.,
delivered the opinion of the Court.
This was an indictment for passing a counterfeit bank note. The prisoner was convicted, and appealed in error to this Court. The note is described in the indictment as being the counterfeit resemblance of a genuine note, purporting to have been issued by the■ “Iron .Bank, of Ironton, Ohio; the same being a corporation .established by law, and authorized ' as' a bank in said State ' of Ohio.”
. On the trial it was insisted for the prisoner, that the production of a copy, of the charter of the bank was indispensable to support the averment of the indictment; but the Court held otherwise, and instructed the jury, that the testimony “ of credible witnesses, who know the bank to exist, and its money to be current and good, either by having seen and read the charter, and being judges of its currency; or by having dealt or corresponded with the bank officers, and received and paid out its issues or currency as solvent and good, under the laws of the State in which such bank exists,” was admissible to establish the averment of the legal existence of such corporation.
In this instruction,- his Honor erred. By the 31st *348 section, of the penal code, the offense of passing the counterfeit resemblance or imitation of any bank bill, or any note, &c., is precisely the same, whether any such corporation, as that by which it purports to have been issued, really exists, or does not exist. The 70th section prescribes what shall be evidence of the existence of a corporation, in cases where its existence is necessary to be shown, namely, “a copy of the charter of such corporation, legally authenticated; or a book purporting to be the public statute book of the United States, or of any of the several. States, in which such charter may be printed, shall be prima facie evidence of the existence of such corporation.”
By the uniform course of decision in this Court, whenever, in this class of cases, the existence of the corporation is alleged — as it should be, if in fact it really exists — the allegation must be proved-; and the section of the code just cited prescribes the mode of proof.
The charge is, therefore, erroneous; and for this error the judgment must be reversed.